```
                  UNITED STATES DISTRICT COURT
                           FOR THE
                      DISTRICT OF VERMONT
```

UNITED STATES OF AMERICA     :
                             :
                             :     Case No. 2:13-cr-14-3
        v.                   :
                             :
JAMES NASTRI,                :
                             :
            Defendant.       :

## Memorandum Opinion and Order

The parties have submitted several pretrial motions.  This memorandum and order addresses the Government's Motions in Limine, ECF No. 304, and Defendant's Motions in Limine, ECF No. 324.

**I. Government's Motions in Limine**

The Government has filed several motions in limine.  First, the Government seeks to admit evidence of Nastri's other alleged criminal activity, including the conspiracy's distribution of drugs in addition to heroin in Vermont and in Maine, and evidence of Defendant's attempts to acquire narcotics to sell in jail while incarcerated for this charge.  The Government has also moved to exclude references to witnesses' child custody matters during cross-examination.  Finally, the Government moves to admit evidence of Nastri's prior felony drug convictions as impeachment if he testifies.

**A. Evidence of other criminal activity**

The Government seeks to introduce evidence of Nastri's alleged additional criminal activity including (a) the conspiracy's distribution of crack and powder cocaine and prescription pills (in addition to heroin) in Vermont; (b) the conspiracy's trafficking in crack and powder cocaine and prescription pills in Maine during and after the charged period of heroin distribution in Vermont; and (c) Nastri's alleged attempts to acquire narcotics to sell in jail.  The Government argues that this evidence is intrinsically relevant to the charged offense, or, in the alternative, that it is admissible under Fed. R. Evid. 404(b)(2).

Evidence of an uncharged crime is not "other act" evidence proscribed by Rule 404(b)(1) if it "(1) arose out of same transaction or series of transactions; (2) is inextricably intertwined with the evidence regarding the charged offense; or (3) is necessary to complete the story of the crime on trial." *United States v. Gonzalez*, 110 F.3d 936, 942 (2d Cir. 1997)(internal quotations omitted).  Evidence falling within these categories may be admitted without regard to Rule 404(b). In conspiracy cases, the Second Circuit has found other acts evidence admissible to "inform the jury of the background of the conspiracy charged, to complete the story of the crimes charged, and to help explain to the jury how the illegal relationship between the participants in the crime developed."  *United States*

2

*v. Williams*, 205 F.3d 23, 33-34 (2d Cir. 2000)(quoting *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992)).

In the alternative, the Government seeks to admit the evidence under Rule 404(b)(2), which provides that evidence of other acts may be admissible to prove "motive, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Fed. R. Evid. 404(b). The Second Circuit follows "an inclusionary rule, allowing the admission of such evidence for any purpose other than to show a defendant's criminal propensity, as long as the evidence is relevant and satisfies the probative-prejudice balancing test of Rule 403 of the Federal Rules of Evidence." *United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994).

**1. Evidence of Trafficking in Other Drugs**

Defendant Nastri has been charged with conspiracy to distribute heroin. The Government seeks to introduce evidence regarding the alleged conspiracy's trafficking in other illegal substances beyond heroin, such as crack and powder cocaine and prescription drugs. The Government seeks to introduce this evidence for multiple reasons. The trafficking of other drugs "arose out of the same transaction or series of transactions" as it occurred alongside the heroin trafficking and involved the same conspirators. *Gonzalez*, 110 F.3d at 942. The Government contends that it would therefore be impossible to disentangle

3

evidence of other drug trafficking from evidence relating only to heroin trafficking, and that doing so would leave the jury with an "incomplete, distorted narrative" of the alleged conspiracy's activities.  Because the heroin trafficking occurred alongside trafficking in other substances, admission of this evidence would "enabl[e] the jury to understand the complete story of the crimes charged." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009) (quotations omitted).  As a result, it is "inextricably intertwined" with the evidence of the charged offense, therefore making it admissible evidence under *Gonzalez*.  110 F.3d at 942.  The Court therefore finds that this evidence is intrinsically relevant to the charged offense such to make its admission appropriate.

Furthermore, the probative value of this evidence outweighs its potential prejudicial effect such to satisfy the Rule 403 balancing test.  The prejudicial effect of the evidence would not outweigh its probative value because it concerns conduct that is equally or less serious than the charged conduct.  *See Mercado*, 573 F.3d at 141-42 (finding evidence of uncharged gun crime satisfied Rule 403 with respect to count involving possession of firearm because the evidence was "not especially worse or shocking than the transactions charged").  Defendant argues that references to other drugs (in particular, crack cocaine) would be prejudicial because of the public's negative

4

associations with these drugs.  However, any concerns about negative public associations apply equally to the heroin trade, the conduct actually charged.  The evidence of other drug trafficking therefore satisfies the probative-prejudice balancing test under Rule 403.[1]

### 2. Evidence of Drug Trafficking in Maine

The First Superseding Indictment charges Nastri with conspiring to distribute heroin in Vermont "and elsewhere" from Spring 2011 to April 2013.  The Government also seeks to admit evidence that the conspiracy trafficked in heroin and other drugs in Maine during and after the time the conspiracy occurred in Vermont.  This evidence is admissible under *Gonzalez* for largely the same reasons as the evidence of other drug trafficking in Vermont: the sales in Maine were part of the same series of drug transactions and involved some of the same conspirators, and therefore "arose out of the same transaction or series of transactions;" evidence of these sales is "inextricably linked" with the evidence of the charged offense (as the charged offense includes conduct "elsewhere"); and the evidence helps "complete the story of the crime on trial" because the evidence regarding Nastri's activity in Maine

---

[1] The Defendant proposes in the alternative that if the Court admits the evidence of other drug trafficking, all references to specific drugs (other than heroin) should be omitted, i.e., that references to crack cocaine or prescription drugs should be reduced to "illicit substances."  Again, as the Court finds that negative associations with other drugs are not more harmful than references to heroin such to make such an instruction necessary.

explains why his conduct in Vermont did not span the entire conspiracy period.  Finally, this evidence is particularly relevant to the conspiracy because it helps "explain to the jury how the illegal relationship between the participants in the crime developed"; several of the co-conspirators, including Nicole Rivers and Raven Peres, served as drug distributors in Maine.  Thus, evidence of drug trafficking in Maine is also admissible under Rule 404(b).

This evidence also meets the requirements of Rule 403 because the alleged conduct that took place in Maine is essentially identical to the Vermont conduct.  Thus, it would not be unfairly prejudicial to admit this evidence as any prejudicial effect would not outweigh its probative value.

### 3. Letters to Laura Urban

The Government seeks to admit letters written by Nastri while in jail to Laura Urban, one of his girlfriends.  These letters discuss Nastri's concern about his co-conspirators' cooperation with law enforcement and urge Urban to smuggle him narcotics to sell to other inmates while incarcerated.  The Government argues that the letters are admissible as to the discussion about co-conspirators because this information is "intrinsically relevant" to the conspiracy as it demonstrates the nature of the connection between Nastri and Urban, as well as other conspirators mentioned in the letters.  The letters are

6

also admissible under Rule 404(b) to prove motive, plan, identity, and intent with respect to the charged conspiracy, as they speak to Nastri's complicity in the scheme and his ongoing intent to sell narcotics while imprisoned.

Furthermore, the letters satisfy the Rule 403 requirement because they are especially probative.  At jury selection, defense counsel indicated that the defense's strategy would focus on the credibility of the cooperating witnesses.  This makes letters written by the Defendant concerning his knowledge of the offense, his relationship with Laura Urban and others in the conspiracy, and his efforts to stop these co-conspirators from cooperating with the Government especially probative.  By contrast, admission of the evidence would not be unfairly prejudicial as it regards conduct equivalent to the charged offense.  The letters are therefore highly relevant and may be introduced as evidence at trial.

**B. References to Witnesses' Child Custody Matters During Cross-Examination**

In addition to its motions to admit evidence, the Government seeks to exclude certain references during cross-examination of its witnesses.  The Government plans to call two witnesses (both co-conspirators) who are currently facing child custody matters.  The Government seeks to exclude evidence of these matters on the grounds that they have no bearing on the

7

witnesses' character for truthfulness under Rule 608(b), would inflame and distract jurors, and would cause unfair prejudice to the Government.  Rule 608(b) allows specific instances of conduct to be inquired into on cross-examination if they are probative of the witness's character for truthfulness or untruthfulness.  The witnesses' loss of custody and the reasons therefore are plainly relevant to their character for truthfulness, particularly as the loss of custody is likely related to the witnesses' drug use and coinciding untruthfulness, as well as their motivation for testifying for the Government.  Thus, the Court denies the Government's motion to exclude this evidence and will allow references to these matters to be made on cross-examination for impeachment purposes.

### C. Evidence of Nastri's Prior Felony Drug Convictions

The Government's final motion *in limine* is to admit evidence of Defendant's prior felony drug convictions as impeachment if he testifies.  The Defendant does not oppose this motion.  Under Rule 609, evidence of a criminal conviction may be used to attack a witnesses's character for truthfulness if the conviction was for a felony less than ten years old and the probative value of the evidence outweighs its prejudicial effect.  In this case, Nastri has sustained two felony narcotics convictions within the ten-year time frame: a 2006 federal

8

conviction for important of marijuana and a 2003 felony conviction for heroin possession.  These two events are probative as to Nastri's truthfulness, as the prior drug convictions can be highly probative to impeach the testimony of a defendant on trial for narcotics charges.  *See United States v. Ortiz*, 553 F.2d 782, 784 (2d Cir. 1977) (finding narcotics conviction probative of credibility because "narcotics trafficker lives a life of secrecy" and is "prepared to say whatever is required by the demands of the moment, whether the trust or a lie").  The Second Circuit has found smuggling convictions to be particularly probative of credibility.  *See United States v. Hayes*, 553 F.2d 824, 828 (2d Cir. 1977) (finding smuggling "ranks relatively high on the scale of veracity-related crimes").

The probative value of the introducing these convictions is not outweighed by their prejudicial value.  In fact, as both convictions are less serious than the charged offense (as the smuggling conviction involved marijuana and the heroin-related offense was for possession), neither would be especially prejudicial.  The Court therefore rules that the Government may impeach Nastri with his prior convictions if he takes the stand.[2]

**II.  Defendant's Motions *in Limine***

---

[2] This ruling is likely irrelevant, however, as defense counsel stated at jury selection that he did not intend to call any witnesses and that the case would be about the credibility of the Government's witnesses.  If the Defendant does not testify, the prior convictions may not be introduced.

9

In addition to opposing the Government's motions, Defendant has filed several additional motions *in limine*. He seeks an order compelling production of prosecutors' notes from witness interviews; exclusion of evidence concerning August 13, 2012, murders in Bangor, Maine; and evidence concerning the death of Ryan Mortin-Lane.

**A. Production of Prosecutors' Notes from Interviews**

Defendant seeks an Order from the Court compelling the Government to produce copies of notes it took during interviews with the witnesses it intends to call at trial. The motion is premised on the provision of the Jencks Act allowing the Court to compel the prosecution to turn over transcriptions constituting a "substantially verbatim recital of an oral statement made by said witness and recorded contemporaneously with the making of such oral statement." 18 U.S.C. § 3500(e)(2). The Court denies this motion on several bases. First, the Jencks Act provides that such statements may be sought only *after* the witness has testified on direct examination. *Id.* § 3500(a). Thus the motion is premature. However, even if timely, the motion would be denied for two separate reasons. Prosecutors' notes do not constitute a "substantially verbatim recital" of an oral statement and, moreover, these notes are likely to implicate significant

attorney work product (and are therefore privileged).  The Court
thus denies the motion to compel.

### B. Evidence Concerning August 13, 2012, Murders in Bangor, Maine

Defendant seeks to exclude mention of three murders that occurred during Summer 2012 in Bangor, Maine.  The victims, Nicole Lugdon, Daniel Borders, and Lucas Tuscano, were known to Defendant Nastri and to co-conspirator Nicole Rivers; however, there is no indication that Nastri was involved in any of these murders.  Nastri thus seeks to exclude references to the murders on the grounds that their prejudicial impact would exceed any probative value.  The Court finds that the significant prejudicial effect that reference to these incidents would cause far outweighs any minimal probative value, as the crimes are unrelated to the charged offenses.  Moreover, reference to these crimes is likely to mislead or confuse the jury.  The Court therefore excludes the evidence pursuant to Rule 403.

### C. Evidence Concerning Death of Ryan Mortin-Lane

The Defendant's final motion *in limine* seeks to exclude evidence concerning the death of Ryan Mortin-Lane, an individual who allegedly sold drugs for Nastri.  According to the Defense, Mortin-Lane was a heroin addict who was shot and killed while committing a residential burglary in Vermont.  As with the Maine murders, Nastri argues that the prejudicial effects of this

evidence would outweigh its probative value.  The probative value of this evidence may be more significant than that of the Maine evidence because it is arguably relevant to the instant charges (as Mortin-Lane was allegedly involved in the conspiracy); however, its probative value is still minimal because the fact of his death is irrelevant to the conspiracy and, moreover, Mortin-Lane's involvement in the conspiracy was insubstantial.  On the other hand, any introduction of evidence related to Mortin-Lane's death would be highly prejudicial: it involves violence, which could unfairly prejudice Nastri by association, and evidence of a completely unrelated crime would confuse and mislead the jury.  Evidence of Mortin-Lane's death is therefore excluded under Rule 403.

### III. Conclusion

For the reasons stated above, both the Government's Motions *in Limine* and Defendant's Motions *in Limine* are **denied in part and granted in part**.  The Government's motion to admit evidence of other criminal activity is **granted**; the motion to exclude reference to witnesses' child custody matters during cross-examination is **denied**; and the motion to admit evidence of Nastri's prior felony drug convictions as impeachment if he testifies is **granted**.  Defendant's motion for an order compelling production of prosecutor's notes from interviews with trial witnesses is **denied**; the motion to exclude evidence

12

concerning the August 13, 2012, murders in Bangor, Maine, is **granted**; the motion to exclude evidence concerning the death of Ryan Mortin-Lane is **granted.**

DATED at Burlington, in the District of Vermont, this 21st day of May, 2014.

/s/ William K. Sessions III
William K. Sessions III
District Court Judge
