```
                    UNITED STATES DISTRICT COURT
                             FOR THE
                       DISTRICT OF VERMONT

UNITED STATES OF AMERICA,      )
                               )
          v.                   )    Case No. 2:13-cr-14
                               )
JAMES NASTRI,                  )
                               )
          Defendant.           )
```

**OPINION AND ORDER**

Defendant James Nastri has filed a motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), citing health concerns arising out of the COVID-19 pandemic.  For the reasons set forth below, his motion is denied.

**Factual Background**

In 2014, a jury convicted Nastri of conspiring to distribute heroin.  The government reports that Nastri's criminal record dates back to 1998, with at least seven felony convictions.  His most recent crime was committed while on supervised release from a prior federal drug conviction.  Considering his offense level and considerable criminal history, Nastri faced an advisory Guidelines range of 360 months to life.  The Court sentenced him to 210 months, less than half of which has been served.  His projected release date is October 16, 2030.

Nastri is 40 years old, and reportedly suffers from hypertension, hepatitis C, and a persistent cellulitis (bacterial skin) infection.  These conditions, he claims, render him at risk for serious complications from a COVID-19 infection.  Nastri

would also like to be released so that he can help care for his father, who recently received a cancer diagnosis.

Nastri is incarcerated at USP Coleman 1 in Florida. As of July 6, 2020, the Bureau of Prisons' ("BOP") website reported 65 inmate and four staff "open cases" of COVID-19 at the Coleman facility. There have been no deaths. The parties dispute whether the BOP's efforts to control the spread of COVID-19 within its facilities have been effective. The government notes that the BOP has expanded the use of release to home confinement as part of its response to the COVID-19 pandemic.

Nastri alleges that he submitted a request for compassionate release to the Warden at USP Coleman, and his request was denied. The government questions, but does not appear to contest, whether Nastri exhausted his administrative remedies prior to filing his current motion with the Court.

## Discussion

Under 18 U.S.C. § 3582(c)(1)(A), as modified by the First Step Act, Pub. L. No. 115-391, 132 Stat. 5194 (Dec. 21, 2018), a court may reduce a defendant's sentence upon motion of the Director of the BOP or upon motion of the defendant. A court may reduce a defendant's sentence only if the court finds that "extraordinary and compelling reasons warrant such a reduction," and "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. §

2

3582(c)(1)(A). In making this determination, the Court must consider "the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable." *Id*.

Congress has delegated responsibility to the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction." 28 U.S.C. § 994(t). The Sentencing Commission has determined that a defendant's circumstances meet this standard when the defendant is "suffering from a terminal illness" or a "serious physical or medical condition . . . that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(1)(A) & cmt. n.1(A). The standard is also met if, in the judgment of the BOP, the defendant's circumstances are extraordinary and compelling for "other reasons." *Id.* cmt. n.1(D). Following the passage of the First Step Act, courts may independently determine whether such "other reasons" are present in a given case without deference to the determination made by the BOP. *See United States v. Lisi*, No. 15-CR-457, 2020 WL 881994, at *3 (S.D.N.Y. Feb. 24, 2020).

In *United States v. Zullo*, Chief Judge Crawford identified a list of factors for determining whether compassionate release is justified. No. 09-cr-64, ECF No. 1472 at 8-9. Those factors include: (1) evidence of a defendant's increased susceptibility to COVID-19 complications; (2) completion of at least fifty

percent of a term of imprisonment, as compassionate release at the outset of the sentence would undermine the original purpose of the sentence; (3) the level of risk of violence or recidivism; (4) a record of non-violent conduct and positive rehabilitation while incarcerated; and (5) an appropriate plan for home confinement or supervised release. *Id.*

The government does not dispute that Nastri suffers from medical conditions that may place him at heightened risk of complications in the event of a COVID-19 infection. Although the government argues that Nastri's release plan, to live with family in Connecticut, would arguably put him at greater risk than remaining at the Coleman facility, recent pandemic statistics may undermine that contention.

Nonetheless, other factors do not weigh in favor of compassionate release. Nastri has over ten years remaining on his 210-month sentence. He also has a long history of recidivism. Indeed, he committed his current offense while on supervised release. Nastri's prison record indicates that he has been disciplined for a range of offenses, including involvement with drugs and alcohol, as recently as October of 2019. Given these facts, the Court cannot find that Nastri "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2).

Furthermore, with respect to the Section 3553(a) factors,

the seriousness of Nastri's offense and his criminal history weigh against a sentence reduction.  His underlying crime involved a multi-state heroin conspiracy, of which he was reported to be a primary organizer.  According to the government, Nastri was also reputed to have been in possession of firearms as part of the conspiracy.  A ten-year reduction would minimize both the punitive and deterrent effects of his sentence.  *See* 18 U.S.C. § 3553(a)(2) (requiring courts to consider the need for the sentence imposed "to reflect the seriousness of the offense," "promote respect for the law" and "afford adequate deterrence to criminal conduct").  Finally, Nastri's release plan offers little beyond an allegation of "firm leads on employment" if he is released.  His motion is therefore denied.

## Conclusion

For the reasons set forth above, Nastri's emergency motion for compassionate release (ECF No. 459), as supplemented by Court-appointed counsel, is denied.

DATED at Burlington, in the District of Vermont, this 8th day of July, 2020.

                                          /s/ William K. Sessions III
                                          William K. Sessions III
                                          U.S. District Court Judge